UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LISA KUFAHL,<br><br>        Plaintiff,<br><br>    v.<br><br>UNLIMITED HEAVY HAULING, LLC, *et al.*,<br><br>        Defendants. | CAUSE NO. 3:20-CV-146 DRL-MGG |

## OPINION & ORDER

In 2018, Lisa Kufahl was injured in a go-karting accident. She filed this negligence action against five defendants, including Michael R. Hofferth who holds legal title to the property where the accident occurred. Mr. Hofferth requests summary judgment, arguing that he owed no duty to Ms. Kufahl at the time of the accident because he didn't possess or control the property. The court now grants summary judgment for him alone.

## BACKGROUND

The go-karting accident took place at Unlimited Heavy Hauling's principal place of business in Winamac, Indiana. Unlimited is a transport service company. Donald Esserman owns the business. Brian Downey, an Unlimited employee, drove the go-kart on August 25, 2018 while Ms. Kufahl rode along as a passenger. The go-kart tipped over when Mr. Downey turned left. Ms. Kufahl was thrown from the go-kart and injured.

Nearly nine years before, on September 20, 2009, Mr. Hofferth had entered into a purchase agreement and land contract with Donald and Patricia Esserman for the property where this accident occurred. The Essermans were required to pay the unpaid balance on the contract by September 20, 2010, though they had the option to extend the contract to September 20, 2011.

Since executing the land contract, Mr. Hofferth has only been to the property one time. That was in 2009 shortly after he signed the deal. Mr. Hofferth was driving by the property, saw Mr. Esserman standing outside, and stopped to say hello. Mr. Hofferth says he has maintained no possessory rights to the property after selling it to the Essermans in 2009. Instead, at the time of the accident, Mr. Hofferth lived in Los Angeles, California. Mr. Hofferth only agreed to transfer title to the Essermans once they paid their contract in full, so it remains undisputed that he continued to hold title to the property when the accident occurred. The parties offer no explanation for why the Essermans haven't paid the full balance.

At some point in 2016, Brian Downey began living on the property. Only he lived on the property between at least June 1, 2018 and August 25, 2018. Mr. Downey had keys to all buildings on the property and unrestricted use of the property. Ms. Kufahl was at the property on a regular basis between June and August 2018 and never saw the Essermans there. Only her claim against Michael R. Hofferth is at issue today.[1]

STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must present the court with evidence on which a reasonable jury could rely to find in his favor. *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972 (7th Cir. 2020). The court must construe all facts in the light most favorable to the non-moving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000), and avoid "the

---

[1] The court entered default against Unlimited Heavy Hauling, Donald Esserman, and Brian Downey. An entry of default also occurred against Michael O. Hofferth (ECF 25). Michael O. Hofferth and Michael R. Hofferth held joint title to the property with rights of survivorship (ECF 46-3 at 3). Michael O. Hofferth died on November 9, 2006 (ECF 46-2 ¶ 2). Accordingly, Ms. Kufahl filed a notice dismissing her claims against Michael O. Hofferth (ECF 32, 34).

temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003); *see also Joll. v. Valparaiso Comty. Schs.*, 953 F.3d 923, 924 (7th Cir. 2020).

In performing its review, the court "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Nor is the court "obliged to research and construct legal arguments for parties." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Instead, the "court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* The court must grant a summary judgment motion when no such genuine factual issue—a triable issue—exists under the law. *Luster v. Ill. Dept. of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011).

## DISCUSSION

Mr. Hofferth argues that he owed no duty to Ms. Kufahl because he didn't have possession or control of the property at the time of the accident. If Mr. Hofferth owed no duty to Ms. Kufahl, then her negligence claim against him fails as a matter of law. *See Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004). Negligence "has three elements: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff resulting from the defendant's breach." *Id.* Ms. Kufahl's claim against Mr. Hofferth is based on a theory of premises liability. "In premises liability cases, whether a duty is owed depends primarily upon whether the defendant was in control of the premises when the accident occurred." *Id.*; *see also Harris v. Traini*, 759 N.E.2d 215, 225 (Ind. Ct. App. 2001) ("The thread through the law imposing liability upon occupancy of premises is control." (citation omitted)). Whether a duty exists is generally a question of law. *Rhodes*, 805 N.E.2d at 386.

"[A] vendor in a land-sale contract will have no liability [in a negligence action arising from a condition on the property] because the vendor no longer occupies or controls the condition of the property even if the vendor retains legal title as security." *Jackson v. Scheible*, 902 N.E.2d 807, 810 (Ind. 2009). In other words, retaining legal title to the property alone doesn't establish control. *See id.* at 812

3

("Jackson's receipt of the notice indicates that he held legal title to the property but does not establish control.").

*Jackson* makes clear that retention of title isn't enough to demonstrate actual control under a theory of premises liability. Ms. Kufahl argues that Mr. Hofferth regained possession and control of the property by at least September 20, 2011 because that's when the Essermans' possessory rights expired under the installment contract. Ms. Kufahl cites no authority to support the proposition that a defaulted land contract reestablishes control for the purposes of owing a duty. Even if the Essermans defaulted on their land contract, other facts show that Mr. Hofferth exercised no actual control over the property at the time of the accident. Mr. Hofferth wasn't occupying the property at the time of the accident. He hadn't been to the property in nine years. He was living in Los Angeles, California—over 2,000 miles away from Winamac, Indiana—when the accident occurred. When construing the facts in the light most favorable to Ms. Kufahl, no reasonable jury could find that Mr. Hofferth controlled the property. He owed her no duty.

## CONCLUSION

Accordingly, the court GRANTS Mr. Hofferth's summary judgment motion (ECF 45). This order terminates Michael R. Hofferth as a defendant. The case proceeds against Unlimited Heavy Hauling, Donald Esserman, and Brian Downey.

SO ORDERED.

August 24, 2021                                   *s/ Damon R. Leichty*
                                                  Judge, United States District Court